

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TIMOTHY ERIC RITESMAN,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-93-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 30, 2018, Petitioner Timothy Eric Ritesman, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Ritesman is a state prisoner proceeding pro se.

I.     **Motion for Stay**

Ritesman has requested leave of this Court to stay and hold his habeas in abeyance while he exhausts his state court remedies. (Doc. 2). As explained below, the bulk of Ritesman's claims are unexhausted and Ritesman still has state avenues of review available to him. Accordingly, his petition should be dismissed without prejudice and his request for a stay is DENIED.

II.    **28 U.S.C. § 2254 Petition**

Following a jury trial in Montana's Fourth Judicial District, Missoula

1

County, Ritesman was convicted of Aggravated Assault and Violation of a No-Contact Order. (Doc. 1 at 2). Written judgment was entered on May 25, 2016; Ritesman received a fifteen-year prison sentence, with seven of the years suspended for the Aggravated Assault. *Id.* The six-month sentence for the misdemeanor no contact order violation was ordered to run concurrently to the prison sentence.

Ritesman timely filed a direct appeal and argued that the prosecutor deprived him of a fair trial based upon argument presented in her closing argument and that the conditions of release in an unrelated misdemeanor Partner Family Member Assault were not sufficient to support a conviction for violating a no-contact order. On March 20, 2018, the Montana Supreme Court affirmed the Aggravated Assault conviction and reversed the Violation of a No-Contact Order conviction. *State v. Ritesman*, 2018 MT 55, 390 Mont. 399, 414 P. 3d 261.

In the instant petition, Ritesman alleges: 1) the prosecutor committed misconduct, (doc. 1 at 4, ¶ 15(A); 2) his Sixth Amendment right to effective assistance of counsel was violated, *id.* at 4, ¶ 15(B); 3) his Fourth Amendment rights were violated by an intentional denial of several witnesses critical to the defense, *id.*; and, his right to Due Process of law was violated. *Id.* Ritesman asserts he intends to amend and add additional claims to his petition after he has exhausted his state remedies. *Id.* at 5. Although Ritesman provides no case

numbers or filing dates, he indicates that his state postconviction and habeas petitions are "in progress." (Doc. 1 at 4, ¶ 15(A)(5)).

### i. Analysis

For the reasons discussed below, Ritesman's petition should be dismissed because the claims he intends to advance relative to his current custody have not yet been exhausted.[1] Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

---

[1] It is unclear from his petition whether the prosecutorial misconduct claim Ritesman attempts to advance in this Court is identical to the claim he raised on direct appeal. Accordingly, there is a possibility that the claim may be exhausted.

3

give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

As evidenced by his intention to file both a postconviction petition and a state habeas corpus petition, there are still remedies available to Ritesman under state law. Because Ritesman has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Ritesman may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Ritesman has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

1. Mr. Ritesman's Motion for Stay (Doc. 2) DENIED.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ritesman may object to this Findings and Recommendation within 14

days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Ritesman must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 1st day of June, 2018.

<u>/s/ Jeremiah C. Lynch</u><br>
Jeremiah C. Lynch<br>
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Ritesman is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.